Marianne Monroy (MM-0162)
Caroline P. Wallitt (CW-2065)
GARFUNKEL, WILD & TRAVIS, P.C.
*Attorneys for Defendant Fieldston Operating LLC*
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

| | |
|---|---|
| E. CAFARELLA, | **ANSWER** |
| Plaintiff, | |
| | Docket No. 08 CV 00233 |
| -against- | |
| FIELDSTON OPERATING LLC A/K/A FIELDSTONE OPERATING LLC A/K/A FIELDSTON LODGE NURSING HOME A/K/A FIELDSTONE LODGE NURSING HOME, | |
| Defendant. | |

------------------------------------x

Defendant Fieldston Operating LLC d/b/a Fieldston Lodge Care Center ("Fieldston")[1], by its attorneys, Garfunkel, Wild & Travis, P.C., for its Answer to the Complaint of E. Cafarella dated January 9, 2008, alleges the following:

1. Fieldston denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and states that Fieldston has not interfered with or violated Plaintiff's rights under the Family Medical Leave Act ("FMLA") or any local human rights laws.

---

[1] Plaintiff has incorrectly identified in the caption and complaint "Fieldstone Operating LLC," "Fieldston Lodge Nursing Home" and "Fieldstone Lodge Nursing Home," which are not legal entities. Upon information and belief, Defendant Fieldston Operating LLC is not also known as Fieldstone Operating LLC, Fieldston Lodge Nursing Home and/or Fieldstone Lodge Nursing Home.

841410v.3

2. Fieldston denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Fieldston denies the truth of the allegations contained in paragraph 3 of the Complaint, except admits that Fieldston Operating LLC d/b/a Fieldston Lodge Care Center operates a residential nursing facility located in Bronx County, New York.

4. Fieldston denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that Fieldston operates a residential nursing facility located within the geographic confines of the United States District Court, Southern District of New York, and respectfully refers the Court to the identified statute for its true content and legal effect.

5. Fieldston denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and respectfully refers the Court to the identified statute for its true content and legal effect.

6. Fieldston denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that Fieldston operates residential nursing facility located within the State of New York.

7. Fieldston denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that Fieldston operates residential nursing facility.

8. Fieldston denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except admits that Plaintiff

841410v.3

was employed by Fieldston in excess of one year. Fieldston further states that Plaintiff was discharged in or about March 2007.

9. Fieldston denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admits that prior to her discharge, Plaintiff repeatedly failed to report to work as scheduled.

10. Fieldston denies the truth of the allegations contained in paragraph 10 of the Complaint.

11. Fieldston denies the allegations contained in paragraph 11 of the Complaint, except admits that Plaintiff was discharged for her excessive absences with little or no advance notice, tardiness, and unauthorized early departures, as well as her failure to perform her employment duties in a satisfactory manner.

12. In response to paragraph 12 of the Complaint, Fieldston repeats and realleges the above answers as if fully set forth herein.

13. Fieldston denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except admits that Fieldston currently employs at least fifty employees. Fieldston respectfully refers the Court to the identified statute for its true content and legal effect.

14. Fieldston denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and respectfully refers the Court to the identified statute for its true content and legal effect.

841410v.3

15. Fieldston denies the truth of the allegations contained in paragraph 15 of the Complaint.

16. Fieldston denies the truth of the allegations contained in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Fieldston repeats and realleges the above answers as if fully set forth herein.

18. Fieldston denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and respectfully refers the Court to the referenced New York City Human Rights Law ("NYCHRL") for its true content and legal effect.

19. Fieldston denies the truth of the allegations contained in paragraph 19 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

20. Plaintiff's claims under the FMLA and NYCHRL must be dismissed on the ground that all decisions and actions concerning Plaintiff and her employment were based on legitimate non-discriminatory reasons, including her excessive absences, tardiness, and unauthorized early departures, as well as her failure to perform her employment duties in a satisfactory manner.

841410v.3

## SECOND AFFIRMATIVE DEFENSE

21.    Plaintiff's claims must be dismissed in whole, or in part, to the extent they are barred by the election of remedies bar contained in the NYCHRL and/or New York State Human Rights Law.

## THIRD AFFIRMATIVE DEFENSE

22.    Plaintiff's alleged FMLA claim must be dismissed because Plaintiff cannot establish that she suffered from a serious health condition as defined by FMLA.

## FOURTH AFFIRMATIVE DEFENSE

23.    Plaintiff's claim under FMLA must be dismissed because Plaintiff did not request leave under FMLA.

## FIFTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims under the NYCHRL must be dismissed because Plaintiff cannot establish that she was disabled as defined by the NYCHRL.

## SIXTH AFFIRMATIVE DEFENSE

25.    Plaintiff cannot establish that she was terminated because of any alleged disability.

## SEVENTH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims may be barred in whole, or in part, to the extent that she failed to exhaust all necessary administrative remedies and procedures prior to the commencement of this action.

841410v.3

### EIGHTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to satisfy the statutory or jurisdictional prerequisites for the commencement of this action.

### NINTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claims must be dismissed in whole, or in part, to the extent that they are barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

29.     This Court lacks jurisdiction over Plaintiff's claims to the extent they were neither encompassed within Plaintiff's New York State Division of Human Rights complaint and/or Plaintiff's EEOC discrimination charge, or the administrative investigations thereof.

### ELEVENTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims may be barred in whole, or in part, by the principles of waiver, release, estoppel, unclean hands, and laches.

WHEREFORE, Defendant Fieldston Operating LLC d/b/a Fieldston Lodge Care Center, requests judgment dismissing the complaint in its entirety, and with prejudice, and awarding Defendant such other and further relief that the Court deems proper, including reasonable attorneys fees, costs, and disbursements incurred in defending this action.

Dated: Great Neck, New York
March 6, 2008

        GARFUNKEL, WILD & TRAVIS, P.C.
        *Attorneys for Defendants Fieldston Operating LLC,*
        *d/b/a Fieldston Lodge Care Center*

By: _____
        Marianne Monroy (MM-0162)
        Caroline P. Wallitt (CW-2065)
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

TO: David Abrams, Esq. (DA-8126)
    305 Broadway, 5th Floor
    New York, New York 10007
    (212) 897-5821

841410v.3